# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADELL STEPHENS, | CV F 04 6717 AWI SMS P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED, THE "ORDER DIRECTING MONTHLY PAYMENTS" BE VACATED AND THE COMPLAINT DISMISSED PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND § 1915(g). |
| v. | |
| C. CASTRO, | |
| Defendants. | |
| | (Docs. 1, 6, 7.) |

Ladell Stephens ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on December 16, 2004, naming C. Castro, C.L. Jackson, S. Grandy, J.D. Wilson, M. Lopez, R. Zamora, F. Mariscal, G. Rodriguez, A. Parra and J. Saucedo as Defendants. The Complaint alleges the named individuals violated his Eighth Amendment right to be free from cruel an unusual punishment and excessive force. (Complaint at 1, 3.) Plaintiff is seeking injunctive relief and monetary damages in the amount of $150,000 against each Defendant.

**A. IN FORMA PAUPERIS STATUS**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

litigation without the full prepayment of costs and fees. 28 U.S.C. § 1915(a)(2). The Prison Litigation Reform Act ("PLRA"), however, amended Section 1915 to preclude the privilege of proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes cannot proceed IFP." Id.  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997.)

"'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." Andrews, 398 F.3d 1t 116 n.1. Thus, once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other action in forma pauperis in federal court unless he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).[1]

The PLRA does not require a prisoner to demonstrate that § 1915(g) does not bar his request to proceed IFP. Andrews, 398 F.3d at 119.  In some instances "the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.  When applying 28 U.S.C. § 1915(g) the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under §1915(g)." Id. at 1121.

---

[1] The Ninth Circuit has held that Section 1915(g) does not violate a prisoner's right of access to the courts, due process or equal protection; nor does it violate separation of powers principles or operate as an ex post facto law. Rodriguez v. Cook, 169 F.3d 1176, 1179-82 (9th Cir. 1999); see also Andrews, 398 F.3d at 1123 (noting constitutionality of § 1915(g), but recognizing that "serious constitutional concerns would arise of § 1915(g) were applied to preclude those prisoners who filed actions who were not 'frivolous, malicious, or fail[ing] to state a claim' from proceeding IFP."

1  **B. APPLICATION OF 28 U.S.C. § 1915(g)**

2  As a preliminary matter, the Court notes that Plaintiff has alleged no facts that
3  demonstrate he is in imminent injury of serious physical injury. See, 28 U.S.C. § 1915(g);
4  Rodriguez v. Cook, 169 F 3d. 1176, 1178 (9th Cir. 1999.)  Plaintiff may not proceed in forma
5  pauperis under Section 1915 if he has, on three prior occasions while incarcerated, had federal
6  civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. See, 28
7  U.S.C. § 1915(g); Andrews, 398 F.3d at 1119-20; Rodriguez, 169 F.3d at 1178.

8  In addition, "a court may take notice of proceedings in other courts, both within and
9  without the federal judicial system, if those proceedings have a direct relation to matters at
10 issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244,
11 248 (9th Cir. 1992).

12 The Court takes judicial notice of the following civil actions filed by Plaintiff and
13 dismissed in the Southern District of California on the grounds that they were frivolous or failed
14 to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and
15 § 1915A. See, Stephens v. Lopez CV F 03-1440 JTM NLS (So. Dist.) (dismissed as frivolous on
16 8/22/2003); Stephens v. Giurbino CV F 02-2444 JNK RTB (So. Dist.) (failed to state a claim -
17 6/30/03); Stephens v. Beltran CV F 03-202 JTM LSP (So. Dist.) (same - 4/02/03); Stephens v.
18 Rodriguez CV F 03-717 JTM LSP (So. Dist) (same - 7/16/03).

19 Accordingly, because Plaintiff has, while incarcerated, accumulated more than three
20 "strikes" pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is
21 under imminent danger of serious physical injury, the Court will RECOMMEND that Plaintiff's
22 in form pauperis status be REVOKED and the case DISMISSED.

23 Plaintiff may not pay the filing fee after being denied in forma pauperis status to revive
24 his case. "[H]e must pay the fee at the time he initiates the suit." Dupree v. Palmer, 284 F.3d
25 1234, 1236 (11th Cir. 2002).  Further, the dismissal of Plaintiff's action does not affect Plaintiff's
26 substantive rights, nor does not block his access to the courts.  Plaintiff may still pursue any
27 claim after three qualifying dismissals but must do so without the assistance of the in forma
28 pauperis procedures.

**C. CONCLUSION AND RECOMMENDATION**

Based on the above, the Court finds that Plaintiff has suffered three or more dismissals within the meaning of Section 1915(g) of the Prison Litigation Reform Act. In addition, the Court has examined the Complaint finds that the case presents no facts from which an inference can be drawn that Plaintiff was under any continuing or imminent danger of serious physical injury at the time the action was filed. 28 U.S.C. § 1915(g); <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1311 (9th Cir.1997). Accordingly, the Court HEREBY RECOMMENDS:

  1.   That Plaintiff's in forma pauperis status be REVOKED;

  2.   That the "Order Directing Monthly Payments" be VACATED; and

  3.   The action be DISMISSED without prejudice pursuant to Section 1915(g).

The Court FURTHER ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 11, 2005**                    **/s/ Sandra M. Snyder**
icido3                                           UNITED STATES MAGISTRATE JUDGE

4